## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

JAMAA I. JOHNSON,

      Movant,

v.                                      Case No. 2:22-cv-00152
                                               Case No. 2:13-cr-00091-7

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant, Jamaa I. Johnson's (hereinafter "Defendant" or "Johnson") Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1049) and Supplemental Motion (ECF No. 1055). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and by Standing Order, it is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL AND PROCEDURAL BACKGROUND

### A.    Defendant's criminal proceedings.

In a Fifth Superseding Indictment, Defendant was charged with two counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, two counts of use of firearms in a crime of violence and one count of conspiracy to use firearms in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (o) ("924(c) conspiracy"), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of witness tampering, in

violation of 18 U.S.C. § 1512(b)(1), all stemming from an alleged conspiracy to commit a series of robberies in Virginia and West Virginia. The Government contended that Defendant was a member of this conspiracy and that he participated in the robberies of Leair Lipscomb (the "Lipscomb robbery") and Cabell Franklin (the "Franklin robbery"). The jury ultimately found Defendant guilty of the conspiracy and witness tampering charges but acquitted him on the substantive robbery and firearms offenses.

Although the jury convicted Defendant of Hobbs Act conspiracy and 924(c) conspiracy, the verdict form did not specify which offenses Johnson had conspired to commit (the "object offenses"). For purposes of sentencing, the district court found that Defendant had conspired to commit the Lipscomb and Franklin robberies. The court calculated a base offense level of 35 and a criminal history category of IV and imposed, among other adjustments, a seven-level enhancement for discharge of a firearm during the Franklin robbery, pursuant to U.S.S.G. § 2B3.1(b)(2)(A), and a four-level enhancement for serious bodily injury to Franklin, pursuant to § 2B3.1(b)(3)(B). The court sentenced Defendant to 235 months of imprisonment (which was the bottom of the applicable Guidelines range), followed by a three-year term of supervised release, and further imposed a $300 special assessment.

**B.      Defendant's direct appeal, No. 17-4679.**

On November 1, 2017, Defendant filed a timely appeal to the United States Court of Appeals for the Fourth Circuit, asserting that the district court committed instructional error concerning the definition of a "crime of violence" under § 924(c) and whether Hobbs Act conspiracy met that definition. Defendant further asserted that he could not have been convicted of conspiracy to commit a § 924(c) offense based on

Hobbs Act robbery because he was acquitted of that offense. He also asserted that the district court erred in denying a mistrial after the jury first returned an incomplete verdict but was ordered to continue deliberating. Finally, he asserted that his sentence was procedurally and substantively unreasonable. On July 14, 2020, the Fourth Circuit affirmed the judgment of the district court in an unpublished opinion. *United States v. Johnson*, No. 17-4679, 820 F. App'x 199 (4th Cir. July 14, 2020).

Although the Court found that the district court committed plain error concerning the subject jury instructions, it further found that such error did not affect Defendant's substantial rights and, therefore, did not require reversal of his conviction. *Id*. at 204. The Court further found that a conspiracy charge requires "proof of agreement," not "proof the substantive crime was actually committed." *See United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010); *United States v. Mills*, 995 F.2d 480, 484 (4th Cir. 1993) (noting that "the focus of a conspiracy charge is the agreement to violate the law"). *Id*. The Court further found that there was sufficient evidence of such agreement by Defendant with respect to the Franklin robbery and, thus, "the jury could have found that Johnson had conspired to use a firearm in connection with a Hobbs Act robbery, despite the fact that it acquitted him of the substantive offense." *Id*.[1]

The Court also found that Defendant's sentence was procedurally and substantively reasonable. (*Id*. at 8-13). As relevant here, Defendant asserted that the application of sentencing enhancements for discharge of a firearm and serious bodily

---

[1] The Court further found that, to the extent Defendant further challenged his § 924(c) conspiracy conviction based upon his acquittal of the § 924(c) offenses, he waived that claim by not raising it in his opening brief, but the same finding would apply. 820 F. App'x 204 n.2. The Court also found that the district court did not err in denying a mistrial based upon an incomplete verdict because the jury was sent back to further deliberate until a unanimous verdict was reached on all counts. *Id*. at 205. That issue is not relevant here.

injury stemming from the Franklin robbery were unreasonable because he had been acquitted of the robbery and firearms charges connected to the Franklin event and, thus, there was insufficient evidentiary support for those enhancements. However, the Court found that there was no plain error concerning that claim. *Id.* at 206. Citing to *United States v. Watts*, 519 U.S. 148 (1997), the Court acknowledged a narrow unresolved split of authority concerning the burden of proof for relevant conduct in sentencing proceedings but found no plain error in the district court's application of Defendant's sentencing enhancements grounded in acquitted conduct based upon a preponderance of the evidence. *Id.* Notably, the Court did not find that *Watts* had been overruled by *Nelson v. Colorado*, 581 U.S. 128 (2017), which was decided before Defendant was sentenced and appealed.

### C. The instant § 2255 motion (ECF No. 1049).

On March 30, 2022, Defendant acting *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1049) and Memorandum of Law in support thereof (ECF No. 1050). As addressed in the Memorandum of Law, Defendant asserts a single claim of ineffective assistance of appellate counsel for failing to raise a claim challenging his firearm and bodily injury sentencing enhancements based upon acquitted conduct. In support of this claim, Defendant contends that appellate counsel should have asserted this claim under the Supreme Court's decision in *Nelson* which, he asserts, overruled *Watts*. Therefore, Defendant requests to be resentenced without the subject enhancements.

On January 17, 2023, Defendant filed a Supplemental Motion (ECF No. 1055), in which he requested that his § 2255 motion be held in abeyance pending the Supreme

4

Court's decision on a petition for a writ of certiorari in *McClinton v. United States*, No. 21-1557, and potential legislative bills (S. 601 and H.R. 1621) then being considered by both houses of Congress prohibiting punishment based on acquitted conduct. However, the Supreme Court denied certiorari in *McClinton* on June 30, 2023, *see* 143 S. Ct. 2400 (June 30, 2023), and the proposed legislation has not been enacted.[2] Thus, the undersigned will not further address that authority herein. Because it is apparent from the face of Defendant's motion that he is not entitled to any relief under § 2255, the undersigned has not required the United States to respond to the motion and summary dismissal thereof is warranted.

## ANALYSIS

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including sentencing and appeals.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court adopted a two-pronged test to address claims of ineffective assistance of counsel. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the

---

2  Additional bills have been introduced in subsequent Congressional sessions; however, presently, no laws concerning the prohibition of punishment based upon acquitted conduct have been enacted. Furthermore, while the United States Sentencing Commission has approved amendments to the federal sentencing guidelines excluding the use of acquitted conduct in calculating a sentencing range under certain circumstances which will take effect on November 1, 2024, the issue of whether such amendments will apply retroactively remains unresolved. Thus, any claim thereunder is premature. Moreover, should any such retroactive guideline amendments affect Defendant's sentence, the proper avenue of relief would be through a motion for modification or reduction of sentence under 18 U.S.C. § 3582(c), not a § 2255 motion.

conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel.  *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.  This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).  "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment."  *Id.* at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The Court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice.  *Id.* at 697.

The two-pronged *Strickland* test applies to claims of ineffective assistance of appellate counsel.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986).  "In applying this test to claims of ineffective assistance of

counsel on appeal, . . . reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 916 F.2d 1560, 1568 (4th Cir. 1993)); *see also United States v. Stavrakis*, No. ELH-23-2058; 19-0160, 2024 WL 3302618, at *12 (D. Md. July 3, 2024). "Counsel is not obligated to assert all non-frivolous issues on appeal" and "the hallmark of effective appellate advocacy" is to focus on "those [issues] more likely to prevail." *Smith*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)); *see also Smith*, 882 F.2d at 899 (failure to raise a weak claim on appeal can be an acceptable strategic decision).

Defendant asserts that his appellate counsel should have challenged his sentencing enhancements that were grounded in acquitted conduct under *Nelson*, in which the Supreme Court held that "an innocent person who is wrongfully convicted" may recover monetarily for restitution, costs, fees, or fines imposed as result of the conviction "where the conviction has been overturned for reasons other than insufficiency of evidence or legal error unrelated to actual innocence." 581 U.S. at 1254. Specifically, Defendant relies on the *Nelson* Court's statement that the presumption of innocence is restored upon the erasure of the conviction, *id.* at 1255-56, to assert that *Nelson* overruled *Watts*, which allowed the application of sentencing enhancements based upon acquitted conduct.

However, various courts that have addressed this very issue, including this court, have determined that *Nelson* does not stand for the proposition asserted by Defendant and did not overrule *Watts* or even call it into doubt. *See, e.g., Dunnigan v. United States*, No. 2:17-cv-02748; 2:15-cr-00139, 2019 WL 8137121, at *4 (S.D.W. Va. Feb. 12,

2019), *report and recommendation adopted,* 2020 WL 474646 (S.D.W. Va. Jan. 29, 2020) ("*Watts* remains the prevailing law on relevant conduct."); *see also Wilborn v. Joyner*, No. 0:18-CV-01565-DCN, 2018 WL 5839549, at *5 (D.S.C. Nov. 8, 2018) (noting that many lower courts agree that *Nelson* does not overrule *Watts* and collecting cases); *Minor v. Coakley*, No. 2:17-cv-00133, 2018 WL 4871131, at *3 (N.D.W. Va., Oct. 9, 2018) (holding that *Nelson* does not overrule *Watts*, because they do not address the same issue). Moreover, Defendant's appellate counsel did raise a claim concerning the reasonableness of his sentence in which she challenged the application of the firearm and bodily injury enhancements. The Fourth Circuit, however, disagreed and affirmed the application of the enhancements based upon *Watts*.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant cannot demonstrate that his appellate counsel's failure to assert a challenge to his sentencing enhancements under *Nelson* fell below an objective standard of reasonableness; nor can he establish the requisite prejudice from such failure. The undersigned further proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that his sentence was imposed in violation of the Constitution or laws of the United States, exceeds the maximum allowed by law, or is otherwise subject to collateral attack. Accordingly, Defendant is not entitled to any relief under 28 U.S.C. § 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, as amended (ECF Nos. 1049 and 1055), and **DISMISS** this civil action from

the docket of the court.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Chief Judge Volk.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Defendant and to transmit a copy to counsel of record.

September 19, 2024

Dwane L. Tinsley
United States Magistrate Judge

9